IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Payam Ghaderi,<br><br>        Plaintiff,<br>  v.<br><br>Roxy Hariri,<br><br>        Defendant.<br>_____/ | NO. C 04-02925 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Payam Ghaderi ("Plaintiff"), in *pro se*, brings this action against Santa Clara Deputy District Attorney Roxy Hariri ("Defendant") alleging, *inter alia*, violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Hariri made false statements about him which prevented him from obtaining early discharge from parole.

Presently before the Court is Defendant's Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims. (hereafter, "Motion," Docket Item No. 146.) The Court conducted a hearing on September 22, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

In April 2002, a jury in the Santa Clara County Superior Court convicted Plaintiff on five counts of animal cruelty, two counts of resisting arrest and one count of willful violation of a

restraining order.  Plaintiff was imprisoned until November 2002, and thereafter placed on parole.[1] In November 2003, Plaintiff met with a parole agent for a first-year review after being released from prison on parole.  (Mendoza Decl. ¶ 5, Ex. A.)  On November 5, 2003, the parole agent who met with Plaintiff filed an Activity Report recommending that Plaintiff remain on parole for another year due to Plaintiff's "serious commitment offense."  (Mendoza Decl. ¶ 5.)  Pursuant to the parole agent's Activity Report and recommendation, Plaintiff remained on parole for another year.[2]

On July 19, 2004, Plaintiff filed a Complaint in federal court against various judges, district attorneys and public defenders of the Santa Clara County Superior Court.  After multiple rounds of dismissals and amendments, Plaintiff filed his Fourth Amended Complaint on January 6, 2006, alleging tort claims resulting from his being denied release from parole in November 2003.  On April 14, 2008, the Court issued an Order striking Plaintiff's claims for fraud and conspiracy against Roxy Hariri's Supervisor at the Office of the District Attorney, leaving Defendant Hariri as the only remaining Defendant.[3]

On May 15, 2006, the Court entered an Order finding the Fourth Amended Complaint, with the appropriate portions stricken, to be the final and operative Complaint.  (Order re Fourth Amended Complaint, Docket Item No. 90.)  Liberally construed, there are four causes of action alleged in Plaintiff's Complaint:  (1) Violation of 42 U.S.C. § 1983; (2) Slander and Defamation; (3) Malicious Prosecution; and (4) Emotional Distress.

---

[1] (Declaration of Jesse Mendoza in Support of Defendant Roxy Hariri's Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims, Exs. A, B, hereafter, "Mendoza Decl.," Docket Item No. 111.)

[2] (Mendoza Decl. ¶ 6; Request for Jury Trial Fourth Amended Complaint Violation of Civil Rights, Fraud, Slander, Defamation of Character, Causing Mental Anguish and Emotional Distress, Conspiracy, Cruel and Unusual Treatment, Malicious Prosecution, Violation of Constitutional Rights, hereafter, "Complaint," Docket Item No. 82.)

[3] (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, or, in the Alternative, Motion to Strike Portions of Plaintiff's Fourth Amended Complaint, Docket Item No. 89.)

2

Presently before the Court is Defendant's motion for summary judgment on all of Plaintiff's causes of action.

### III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." Id. at 323. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party "may not reply merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## IV.  DISCUSSION

**A.     First Cause of Action:  Violation of 42 U.S.C. § 1983**

As a preliminary matter, the Court examines whether Plaintiff has properly stated a § 1983 claim because his Complaint merely alleges "violations of his civil . . . constitutional rights," and "cruel and unusual treatment."  (Complaint at 2-3.)

In Graham v. Connor, the United States Supreme Court emphasized that 42 U.S.C. § 1983 "is not a source of substantive rights."  490 U.S. 386, 394 (1989).  Rather, § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."  Id.  Accordingly, an analysis of a claim brought under § 1983 must first begin by identifying the specific constitutional right that has been allegedly violated.  Id.  Only after identifying the specific constitutional right allegedly infringed can the court assess the validity of the claim by analyzing it in reference to the respective constitutional standard.  Id.

Here, while it is apparent that Plaintiff has alleged an Eighth Amendment violation for "cruel and unusual treatment," it is not clear what other federal rights are embedded into Plaintiff's claim of "violations of civil constitutional rights."  However, Plaintiff's Complaint does allude to a loss of a "chance for early discharge from parole" based on Defendant Hariri's alleged conduct. (Complaint at 4.)  Thus, liberally construed, Plaintiff has alleged violations of two distinct federal constitutional rights, namely, due process under the Fifth and Fourteenth Amendments,[4] and cruel and unusual punishment under the Eighth Amendment

Defendant moves for summary judgment on Plaintiff's § 1983 claim on the grounds that (1) Plaintiff does not have a protected liberty interest in early release from parole;[5] and (2) Plaintiff

---

[4] The Fifth and Fourteenth Amendments prohibit the government from depriving an inmate of life, liberty, or property without due process of law.  U.S. Const. amends. V, XIV.  In the parole context, a violation of an inmate's due process occurs when (1) the inmate has been deprived of a constitutionally protected liberty interest in parole and (2) the inmate has been denied adequate procedural protections in the parole process.  See, e.g., Biggs v. Terhune, 334 F.3d 910, 913 (9th Cir. 2003).

[5] Defendant does not deny that Plaintiff has a liberty interest in avoiding cruel and unusual punishment under the Eighth Amendment.

4

cannot establish that Defendant made any statement that caused Plaintiff to not obtain early release from parole. (Motion at 5-6.) Although there is an issue with respect to whether Cal. Penal Code § 3001(a) creates a liberty interest because it is a discretionary parole scheme as opposed to mandatory parole scheme,[6] the Court presumes, for the purposes of Defendant's motion, that Plaintiff has a federally protected liberty interest in an early discharge from parole. The more dispositive issue for the Court is whether Plaintiff can demonstrate that Defendant's alleged false statement caused his constitutional deprivation.

### 1. Causation

Although Plaintiff's Complaint and subsequent filings do not provide insight as to whether Defendant Hariri is sued in her official capacity or in her individual capacity, the Court has previously denied Defendant Hariri's motions to dismiss on Eleventh Amendment immunity grounds.[7] Thus, the Court examines the causation element of Plaintiff's § 1983 claim as it applies in a suit against a state official in her individual capacity, as here, where Plaintiff is seeking money damages resulting from Defendant Hariri's alleged conduct.[8] (Complaint at 6.)

"To establish that a state official is personally liable in an action under 42 U.S.C. § 1983, a plaintiff must show that the official, acting under color of state law, caused the deprivation of a federal right." Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir. 2005) (internal quotations

---

[6] The Supreme Court has held that although a convicted person has no inherent or constitutional right to early release on parole, a state's statutory parole scheme may create "a presumption that parole release will be granted" if it uses mandatory language. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 12 (1979). A presumption of parole release gives rise to a constitutionally protected liberty interest that cannot be denied without adequate due process protection. Id. at 11-16; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987). The Ninth Circuit has held that California parole statute does create a liberty interest protected by due process. See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (construing Cal. Penal Code § 3041(b).)

[7] (See Docket Item Nos. 49, 70.)

[8] As the Supreme Court held in Edelman v. Jordan, the Eleventh Amendment bars citizen suits against state officials in their official capacities, where the remedy sought is money damages, not prospective injunctive or declaratory relief. 415 U.S. 651, 675 (1974); see generally Ex parte Young, 209 U.S. 123 (1908); see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

5

omitted); see Kentucky v. Graham, 473 U.S. 159, 166 (1985); Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990). An official deprives a plaintiff "of a constitutional right, within the meaning of section 1983, if [she] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [she] is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Here, in support of her motion, Defendant Hariri has submitted the following evidence: (1) her own declaration[9] and (2) the declaration of Jesse Mendoza, Plaintiff's former parole agent ("PAI").

Defendant Hariri's declaration provides in relevant part:

> I have never told anyone, including persons working at the California Department of Corrections and Rehabilitation parole office in San Jose and Parole Agent Mendoza, PAI, that Payam Ghaderi was going to kill me or that he planned to kill me. Plaintiff never expressed these threats to me. (Hariri Decl. ¶ 6.)

In corroboration, Mendoza's declaration provides in relevant parts:

> I do not recall ever hearing Hariri say that Ghaderi threatened to kill her or was planning to kill her. If that information had been provided to me, as PAI, I would have immediately initiated an investigation into the matter and had the Plaintiff formally detained as a safety precaution for the Defendant's well-being. . . . I do not recall every [sic] stating to Ghaderi or anyone else that Hariri said that Plaintiff said he was going to kill her or that he was planning to kill her. (Mendoza Decl. ¶¶ 9-10.)

Attached to Mendoza's declaration are copies of Plaintiff's Activity Reports from 2003 and 2004, which were prepared by Plaintiff's parole agents and summarize their recommendations to the Parole Board. (Mendoza Decl., Exs. A, B.) Plaintiff's November 2003 Activity Report, prepared by Mendoza, states that "due to [Plaintiff's] serious commitment offense, this agent felt an additional year on parole supervision would be appropriate at this time. This agent recommends retaining subject on parole for another year." (Id., Ex. A.) The 2004 Activity Report, prepared by a different

---

[9] (Defendant Roxy Hariri's Declaration in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims, hereafter, "Hariri Decl.," Docket Item No. 112.)

6

parole agent, states "due to the seriousness of his commitment offense a recommendation must be made to retain on parole." (Id., Ex. B.)

With respect to the purposes and completeness of the Activity Reports, Mendoza declares as follows:

> If I had any other reason for recommending retaining Ghaderi on parole and not suggesting that my supervisor approve an early release, I would have so indicated on this Activity Report. (Mendoza Decl. ¶ 5.)

> Mr. Ghaderi was not recommended for early discharge from parole by myself or by PAI Tovar [in 2004] due to the seriousness of his offenses and for no other reason. If there were any other reason, it would have been stated on the Activity Reports . . . . (Id. ¶ 8.)

The Court finds that, although Defendant Hariri's declaration alone may be construed as self-serving, Mendoza's corroborative declaration demonstrates the absence of a genuine issue of material fact with respect to whether Defendant Hariri made the alleged phone call. There is no evidence that Defendant Hariri called Mendoza to report that Plaintiff had threatened to kill her. A reasonable jury could believe Mendoza's testimony that if there were any other reasons which caused Mendoza and Tovar to recommend a denial of early parole for Plaintiff, the Activity Reports would have recorded those reasons. Further, there is no evidence that Defendant Hariri attempted to, much less actually, exerted control over Mendoza's decision to provide such recommendation to the parole board.

Confronted with the above evidence, Plaintiff must identify specific facts to establish that there is a genuine issue for trial. However, other than a mere contention that there is enough evidence to establish genuine issues of material fact, Plaintiff offers no specific facts or corroborating evidence.[10] The Ninth Circuit has held that conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

---

[10] (Plaintiff's Opposition to Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims at 2, hereafter, "Opposition," Docket Item No. 150.)

7

1  Plaintiff contends that he is unable to provide evidence establishing a genuine issue of
2 material fact because the Court allowed Defendant to destroy the evidence and that deposing
3 witnesses has been impracticable. (Opposition at 2, 5.) These contentions have no merit because
4 the Court has extended the discovery deadline multiple times in an effort to assist Plaintiff with his
5 discovery process. (See Docket Item Nos. 139, 141, 145.) In fact, Plaintiff had stated several times
6 on the record that he would not depose Mendoza or Defendant Hariri because it would be too costly
7 for him and because he believes that neither would tell the truth.

8  The Ninth Circuit has held that where the court has provided ample time for discovery and a
9 party fails to take action to prosecute its case, that party "cannot complain[] if it fails to pursue
10 discovery diligently before summary judgment." Beneficial Standard Life Ins. Co. v. Madariaga,
11 851 F.2d 271, 277 (9th Cir. 1988). In Madariaga, the Ninth Circuit held that a six month discovery
12 period allowed by the district court was "more than sufficient" to allow plaintiffs to conduct
13 discovery. (Id.)

14  Here, this action has been pending before the Court since 2004. After two years of various
15 Fed. R. Civ. P. 12(b) motions and amended complaints, an operative Complaint was placed on file
16 and discovery commenced on June 8, 2006. (See Docket Item No. 96.) Since then, Plaintiff has
17 failed to diligently conduct discovery and cannot now, in the face of a summary judgment motion,
18 argue that he cannot produce evidence to create triable issues of fact.

19  Accordingly, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's
20 First Cause of Action for violations of due process under the Fifth and Fourteenth Amendments.

### 2. Cruel and Unusual Punishment

The Court, *sua sponte*, addresses Plaintiff's claim that Defendant Hariri subjected him to cruel and unusual punishment because Defendant's motion did not specifically addressed this claim.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const., amend. VIII, § 3. It is the "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S.

1  312, 319 (1986). Eighth Amendment suits are usually brought by prisoners who claim that their
2  punishment is excessive or that prison officials have shown deliberate indifference to their serious
3  medical needs. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); City of Revere v. Massachusetts
4  General Hosp., 463 U.S. 239, 243-44 (1983); Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977).

5  Here, Plaintiff has failed to submit any evidence to support the claim that he was subjected to
6  cruel and unusual punishment as a parolee. Further to the extent that Plaintiff claims that the denial
7  of an early discharge from parole is cruel and unusual punishment, Plaintiff has failed to show a
8  causal nexus between the board's denial of early parole and any alleged conduct by Defendant
9  Hariri.

10  Accordingly, the Court DISMISSES Plaintiff's cruel and unusual punishment claim with
11  prejudice.

12  **B.  Second Cause of Action: Slander and Defamation**

13  Defendant moves for summary judgment on Plaintiff's Second Cause of Action on the
14  ground that Plaintiff cannot prove that Defendant made the alleged false statement. (Motion at 6.)

15  "Defamation is an invasion of the interest in reputation. The tort involves the intentional
16  publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or
17  which causes special damage." Ringler Associates Inc. v. Maryland Cas. Co., 80 Cal. App. 4th
18  1165, 1179 (2000). "Publication, which may be written or oral, is defined as a communication to
19  some third person who understands both the defamatory meaning of the statement and its application
20  to the person to whom reference is made." Id. Publication to a single individual is sufficient to
21  satisfy the publication element of a defamation claim. Id.; see Smith v. Maldonado, 72 Cal. App. 4th
22  637, 645 (1999); see also Cal. Civ. Code § 46.

23  Here, Defendant Hariri has produced evidence in the form of a sworn declaration that she did
24  not call Mendoza to report that Plaintiff had threatened to kill her. (Hariri Decl. ¶ 6.) Mendoza
25  corroborates Defendant's declaration by representing in a signed statement that she "does not recall
26  ever hearing" Defendant Hariri make the alleged defamatory statement. Further, Mendoza declares

9

that she "does not recall" ever telling Plaintiff that she heard from Defendant Hariri any such alleged defamatory statement.[11]

In contrast, Plaintiff has failed to produce any evidence which would create a genuine issue of fact. As with Plaintiff's constitutional claims, he merely states that there is evidence to create a genuine issue of material fact without providing any such evidence. (Opposition at 2.) In light of the evidence provided by Defendant that the alleged false statement was never made and Plaintiff's failure to challenge this evidence with specific facts, no reasonable jury could find that Defendant made the alleged false statement.

Accordingly, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's Second Cause of Action for Slander and Defamation.

### C.     **Third Cause of Action:  Malicious Prosecution**

Defendant moves for summary judgment on the ground that she did not initiate any action with respect to Plaintiff's parole. (Motion at 7.)

In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (1992); Zamos v. Stroud, 32 Cal. 4th 958, 965 (2004). If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal. App. 4th 1392 (2006).

Here, to the extent that Plaintiff's malicious prosecution claim against Defendant Hariri is based on her prosecution of his 2002 state criminal case involving animal cruelty, the claim fails as a matter of law because the case was not pursued to a legal termination favorable to Plaintiff. Plaintiff was convicted by a jury. There is no evidence that Plaintiff's conviction was or has been

---

[11] The basis for Plaintiff claim is that Mendoza told him about Defendant Hariri's alleged statement. (Complaint at 4-5.)

10

overturned. To the extent that Plaintiff's malicious prosecution claim against Defendant Hariri is based on the subsequent parole hearing, it must also fail as a matter law because there is no evidence that the parole hearing was conducted at the direction of Defendant Hariri. In fact, the parole hearing process is prescribed by California statutory scheme. See Cal. Penal Code § 3001(a).

Accordingly, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's Third Cause of Action for malicious prosecution.

### D.     Fourth Cause of Action:  Emotional Distress

Defendant moves for summary judgment on the ground that since all of Plaintiff's other state tort claims have failed, there is no legal basis for Plaintiff to recover under a theory of emotional distress. (Motion at 10.)

To prove a claim for intentional infliction of emotional distress,[12] a plaintiff must show (1) extreme and outrageous conduct by the defendant either with intent or reckless disregard, (2) severe and extreme emotional distress suffered by the plaintiff, and (3) actual and proximate causation. Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991). To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Davidson v. City of Westminister, 32 Cal. 3d 197, 209 (1982).

Here, the Court has either dismissed or granted summary judgment as to all of Plaintiff's intentional tort claims. There is no evidence of Defendant Hariri's alleged conduct where the Court can judge whether it was extreme or outrageous. More importantly, there is no evidence that Plaintiff suffered severe and extreme emotional distress resulting from Defendant's alleged conduct.

Accordingly, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's Fourth Cause of Action for Emotional Distress.

---

[12] It is unclear from the pleadings whether Plaintiff is asserting a negligent or an intentional infliction of emotion distress claim; Plaintiff's Complaint merely stated "mental anguish." (Complaint at 3.) However, since all of Plaintiff's claims are based on alleged intentional conduct by Defendant Hariri, the Court presumes that Plaintiff's claim is for intentional infliction of emotional distress.

11

## V. CONCLUSION

The GRANTS Defendant's Motion for Summary Judgment on all causes of action. The Court, *sua sponte*, DISMISSES Plaintiff's claim for cruel and unusual punishment with prejudice. Judgment shall be entered accordingly.

Dated: November 10, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John Lewis Winchester john.winchester@cco.sccgov.org
Michael L. Rossi michael.rossi@cco.co.scl.ca.us
Paul T. Hammerness paul.hammerness@doj.ca.gov

Payam Ghaderi
Post Office Box 9045
San Jose, CA 95157

**Dated: November 10, 2008**                              **Richard W. Wieking, Clerk**

                                                          **By: /s/ JW Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**